U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 08-00228

ORDER DENYING OBJECTION TO PROPERTY CLAIMED AS EXEMPT

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/26/2008**



US Bankruptcy Court Judge
District of South Carolina

Entered: 11/26/2008

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

Willie Lee Jones and

Thelma Dixon Jones,

Debtor(s).

C/A No. 08-00228-DD

Chapter 7

**ORDER DENYING OBJECTION TO PROPERTY CLAIMED AS EXEMPT**

THIS MATTER is before the Court on the Chapter 7 Trustee's ("Trustee") Objection to Property Claimed as Exempt ("Objection"). The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334(a) and (b). Pursuant to Fed. R. Civ. P. 52 made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law[1]:

*FINDINGS OF FACT*

Willie Lee Jones and Thelma Dixon Jones ("Debtors") are the owners of several tracts of real property located near St. Stephen, South Carolina. Debtors' Schedule A reports ownership of five tracts of real property as follows: (1) a 5.3 acre parcel of land and a small home located at 157 Willthelm Place Street ["Lot A"], titled in Mr. Jones name only; (2) a 1 acre parcel of land adjacent to 157 Willthelm Place ["Lot B"] titled jointly; (3) the property identified as 151 Willthelm Place ["Lot C"], improved by a large home formerly used as the Debtor's residence, titled to Mr. Jones; (4) one lot adjacent to 151 Willthelm Place ["Lot D"] titled to Mr. Jones; and (5) a second lot adjacent to 151 Willthelm Place ["Lot E"], titled to Mr. Jones. Lots A and B are valued together by the Debtors at $38,450. The house on Lot A slightly encroaches on the boundary line with

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

2

Lot C. Lot C is valued by the Debtors at $100,000 and is subject to three mortgages totaling $151,142. Lot D and Lot E are each valued at $6,000 totaling $12,000. Lots A - E are labeled for identification on the Berkeley County GIS map below.



Debtors' Schedule C claims a homestead exemption in both Lot A and Lot B. Debtors acknowledged their desire to surrender Lot C in their Statement of Intent on January 24, 2008. Lot D and Lot E are being sold by the Trustee for the benefit of the Bankruptcy Estate.

Testimony at trial established that the Debtors first residence as husband and wife was the small house on Lot A. The Debtors lived in this home for several years while they repaired and remodeled the larger house located on Lot C. The house on Lot A is a one bedroom, one bathroom house with a kitchen, washer/dryer, and a total of approximately 700 square feet of living space. Evidence established that while the house

on Lot A is small it is in good repair, well maintained, and suitable as a cozy home for two people.  The house on Lot C is much larger with approximately 2,000 square feet of living space.  While the Debtors occupied the house on Lot C, they continued to make use of the house on Lot A for the purposes of doing laundry.  Testimony established that at all times both houses shared a well for water and a phone line.  The septic drain field for the house on Lot A is located on Lot C.

The Debtors testified that Lot B is necessary to gain access to Lot A once Lot C is surrendered.  Mr. Jones testified that he currently uses a driveway on a neighboring property with the permission of the owners, extending from Lot B down Willthelm Place to the public highway.

The Debtors' testified that they moved into the house on Lot A and decided to surrender the house on Lot C because Mr. Jones health deteriorated to the point that he could no longer continue his employment as a truck driver.  This decision and the move were completed prior to their filing for relief under chapter 7 of the Bankruptcy Code.  Debtors testified that they currently live in the house on Lot A and that it is their intention to remain in the home on Lot A.

*CONCLUSIONS OF LAW*

The Trustee's objection to Debtors' homestead exemption raises three issues: (1) whether by allowing the house on Lot C to go into foreclosure the Debtors exemption should be reduced pursuant to 11 U.S.C § 522(o)[2]; (2) whether the structure claimed as a homestead by the Debtors is not a residence within the meaning of the South Carolina Exemption Statute, S.C. Code Ann. § 15-41-30; (3) whether a residence can be on two parcels of property.  In accordance with the Federal Rules of Bankruptcy Procedure, "the

---

[2] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.

4

objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c).

Pursuant to § 522(b) of the Bankruptcy Code, debtors can choose to exempt from property of the bankruptcy estate that property which is exempt under the applicable state or federal law. South Carolina has opted out of the federal exemptions pursuant to § 522(b)(2). Under South Carolina law a debtor may exempt, "[t]he debtor's aggregate interest, not to exceed fifty thousand dollars in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence … ." S.C. Code Ann. § 15-41-30. Section 522(o) requires a reduction in the homestead exemption to the extent that the value of the exemption is attributable to nonexempt property that the debtor disposed of within 10 years of filing for bankruptcy, if the conversion was made "with the intent to hinder, delay, or defraud a creditor."[3] There is no case law concerning § 522(o) within this circuit, however, other courts have had occasion to interpret its provisions since the adoption of the 2005 Amendments to the Bankruptcy Code. *See, e.g., Addison v. Seaver (In re Addison)*, 540 F.3d 805, 810 (8th Cir. 2008).

First, moving out of a house and surrendering it to foreclosure hardly seems the type of disposition of nonexempt property that § 522(o) was designed to address. The

---

[3] The pertinent part of § 522(o) states that:

> [T]he value of an interest in-
> (1) real or personal property that the debtor or a dependent of the debtor uses as a residence; [or]
> …
> (4) real or personal property that the debtor or a dependent of the debtor claims as a homestead
> …
> shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of. 11 U.S.C. § 522(o).

5

value of the exempt property is not attributable to the disposition of 157 Willthelm except in the most tenuous way. Further, § 522(o) requires disposing of property, "with the intent to hinder, delay, or defraud a creditor." This provision is similar if not identical to the language contained in other sections of the Bankruptcy Code including §§ 548(a)(1) and 727(a)(2). *See In re Maronde*, 332 B.R. 593, 599 (Bankr. D. Minn. 2005). There is no direct evidence of fraudulent intent here. The Trustee urges the Court to examine the "badges of fraud" and infer "intent to hinder, delay, or defraud" a creditor in this case. *In re Addison*, 540 F.3d at 811; *In re Ducate*, 369 B.R. 251, 264 (Bankr. D.S.C. 2007). Within this district the "badges of fraud" include,

> the insolvency or indebtedness of the transferor, lack of consideration for the conveyance, relationship between the transferor and the transferee, the pendency or threat of litigation, secrecy or concealment, departure from the usual method of business, the transfer of debtor's entire estate, the reservation of benefit to the transferor, and the retention by the debtor of possession of the property.

*In re Ducate*, 369 B.R. at 261 (citing *Coleman v. Daniel*, 261 S.C. 198, 199 S.E.2d 74 (1973)).

Pre-bankruptcy planning is not in and of itself fraudulent. *In re Evans*, 344 B.R. 148, 152 (Bankr. D. Md. 2004) (citing *In re Hanson*, 848 F.2d 866 (8th Cir. 1988) (finding that a debtor's conversion of non-exempt property to exempt property on the eve of bankruptcy for the express purpose of placing that property beyond the reach of creditors, without the actual intent to defraud creditors, will not deprive the debtor of the exemption to which he otherwise would be entitled)). "For fraudulent intent to be found, 'there must appear in evidence some facts or circumstances which are extrinsic to the mere facts of conversion of non-exempt assets into exempt and which are indicative of such fraudulent purpose.'" *In re Addison*, 540 F.3d at 814 (quoting *In re Sholdan*, 217

6

F.3d 1006, 1010 (8th Cir. 2000)).  In *Addison*, the court determined that a debtor did not act with intent to defraud his creditors when he used nonexempt cash to pay down his mortgage and increase the equity in the house he owned for years prior to bankruptcy, thereby increasing the value of his homestead exemption.  *Id.* at 816.

In this case, the Debtors provided credible testimony that their move from the larger house on Lot C to the smaller house on Lot A was for the purposes of downsizing and living within their means.  The Debtors moved from a house that was mortgaged in excess of $150,000 to a smaller house that they owned free and clear.  The Debtors, or one of them, were the owners of record of the property, at all times.  Indeed Debtors' actions in surrendering property that they cannot afford may be considered evidence of good faith in a totality of the circumstances analysis under § 362(c)(3)(B).  *See In re Thomas*, 352 B.R. 751, 757 (Bankr. D.S.C. 2006).  Testimony established that the Debtors chose this method of reducing their expenses due to the disabilities of Mr. Jones resulting from his failing health.  The Debtors' actions are not fraudulent.

In South Carolina, a homestead exemption is properly taken in real property that the debtor uses as a residence.  S.C. Code Ann. § 15-41-30(1).  The Trustee attacked the claim of homestead, calling the Debtors' home a structure rather than a residence, house, or home.   A residence is defined as, "Place where one actually lives or has his home; a person's dwelling place or place of habitation; an abode; house where one's home is; a dwelling house." *Black's Law Dictionary* 1309 (7th ed. 1999).  The Debtors' testimony established that they have made the house on Lot A their home since prior to filing bankruptcy.  Indeed the pictures entered into evidence as Debtors Exhibit A, illustrate that the house is the place where the Debtors actually live.  While the house is by no

7

means extravagant, it is well maintained and it appears to contain all the appointments necessary for comfortable living. The fact that the Debtors used the residence as their home for a number of years trumps the Trustee's attempt to categorize it merely as a structure.

Further, the fact that the small house encroaches upon Lot C by straddling the property line does not support a finding that it is not a residence. Rather, the placement of the Debtors' home merely diminishes the value of the property. Similarly, the placement of the well for both properties on Lot A and location of the drain field for the Debtors' septic system on Lot C is detrimental to the value of the properties, but bears no weight on the availability of the Debtors' homestead exemption. In fact, Mr. Jones testified that the small home can be moved without difficulty.

The inclusion of Lot B in the Debtors' homestead exemption is allowed because the Trustee failed to meet his burden of proving that the exemption is improper. The only evidence on the nature of the use of Lot B presented at trial was Mr. Jones testimony that he has been driving across Lot B by following Willthelm Place and his neighbors road with their permission in order to have a driveway from Lot A to the public highway. With this testimony as the only evidence on the record, the Court overrules the Trustee's Objection to the inclusion of Lot B in the Debtors' homestead.

Accordingly, the Trustee's Objection to the Debtors homestead exemption is denied.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
November 25, 2008